## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   BARBARA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: CIV-15-907-L |
| | ) | |
| (1)   LANGSTON HOUSING AUTHORITY | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

COMES NOW Plaintiff, BARBARA YOUNG ("Plaintiff"), by and through counsel, Rand C. Eddy and Lindsey W. Mulinix-Ewert, and for her causes of action against Defendant, LANGSTON HOUSING AUTHORITY ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1. This is an action to secure compensation and equitable relief for Plaintiff for the discrimination and retaliation she suffered while employed and ultimately terminated by Defendant and is instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USCA §§2000e et seq.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this matter involves a federal question based upon Title VII of the Civil Rights Act of 1964, as amended; 42 USCA §2000e-5(f); 28 USCA §1343(4); and 28 USCA §§2201 and 2202. The jurisdiction of this Court is invoked to secure protection of and to redress

deprivation of rights secured by 42 §§2000e et seq., providing for injunctive and other relief against racial, national origin, and sex discrimination in employment and by 42 USCA §1981, providing for the equal rights of all person in every state and territory within the jurisdiction of the United States.

3.      Plaintiff has fulfilled administrative prerequisites.  Plaintiff timely filed claims with the Oklahoma Office of Civil Rights.  Plaintiff received her Notice of Right to Sue for the discriminatory failure to promote/hire claim on May 27, 2015 and for the retaliation claim on July 22, 2015.

4.      The unlawful employment practices alleged and outlined below that gave rise to this cause of action were committed within the Western District of the State of Oklahoma, wherefore venue is proper.

## PARTIES

5.      Plaintiff is a citizen of the United States and a resident of the State of Oklahoma, in the Western District of Oklahoma, and at all times of the allegations put forward herein, was employed by Defendant.

6.      Defendant is a governmental agency with its principle place of business in the Western District of Oklahoma.

## FACTUAL STATEMENT

7.      Plaintiff began working for the Defendant in approximately 2008 as Office Manager.

8. In 2014 Plaintiff was making approximately Thirty-Four Thousand and 00/100 Dollars ($34,000.00) as Defendant's Office Manager.

9. In or around June or July of 2014, Plaintiff applied for the Operations Manager position with Defendant which was advertised to have the same job description as her current position of Office Manager and to pay approximately Sixteen Thousand and 00/100 Dollars ($16,000.00) more a year than the Office Manager position.

10. In or around June or July of 2014, Defendant hired a caucasian male with less experience and less qualifications than Plaintiff for the Operations Manager position after interviewing three (3) caucasian males.

11. Plaintiff was denied the opportunity to interview for the Operations Manager position despite her experience, qualifications, seniority and application for the position.

12. Defendant required Plaintiff to train the new Operations Manager.

13. On July 17, 2014 Plaintiff timely filed an employment discrimination complaint ("Complaint") with the Oklahoma Office of Civil Right Enforcement ("OCRE").

14. On July 29, 2014 Defendant informed Plaintiff she would no longer be given the opportunity to work overtime.

15. On August 5, 2014 the OCRE provided Respondent notice of Plaintiff's Complaint and Plaintiff contacted members of the Langston Housing Authority Board of Commissioners ("Board of Commissioners") regarding the discrimination.

16. On August 29, 2014, just weeks after receiving notice of the Complaint, Defendant reprimanded Plaintiff for contacting members of the Board of Commissioners via electronic mail.

17. On September 16, 2014, OCRE issued an initial set of requests for information to Defendant in connection with its investigation of the Complaint.

18. On October 16, 2014 OCRE received Defendant's answers to the requests for information.

19. Shortly thereafter, on October 28, 2014, Defendant took further disciplinary action against Plaintiff. Defendant issued a written reprimand to Plaintiff and suspended her employment for one (1) day because she talked to a member of the Board of Commissioners about the bereavement policy when the board member visited the office on October 9, 2014.

20. On October 30, 2014 Defendant placed Plaintiff on a twelve (12) month probation.

21. OCRE scheduled on-site interviews of Defendant's witnesses for December 10, 2014.

22. On December 8, 2014, two days before the on-site interviews, Defendant gave Plaintiff a negative performance evaluation. This evaluation was the first formal performance evaluation given to Plaintiff since 2011.

23. On December 10, 2014 the OCRE conducted the on-site interviews of Defendant's witnesses.

24. Just weeks later, on January 5, 2015, Defendant terminated Plaintiff's employment.

25. On January 9, 2015, Plaintiff filed an Amended Charge of Discrimination with the OCRE ("Amended Complaint") asserting a claim of retaliation against Defendant.

**PLAINTIFF'S FIRST CAUSE OF ACTION**
**Racial Discrimination**
<u>Title VII of the Civil Rights Act of 1964, §701 et. seq., 42 U.S.C.A. 2000 et. seq.</u>

26. Plaintiff incorporates by reference Paragraphs 6-24 above.

27. Defendant discriminated against Plaintiff solely because of race and color by refusing to interview her for the Operations Manager position which she was substantially more experienced and qualified for than the caucasian males Defendant interviewed for the position. And by requiring Plaintiff to train the less experienced and less qualified caucasian male hired for the position.

28. Defendant discriminated against Plaintiff when it failed to promote Plaintiff to Operations Manager solely because of Plaintiff's race and color and instead hired a caucasian male with less experience and qualifications.

29. As a direct result of Defendant's racial discrimination Plaintiff has suffered compensatory damages in excess of $75,000.00.

30. Due to Defendant's willful and malicious conduct Plaintiff is also entitled to punitive damages.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### Retaliation
<u>Title VII of the Civil Rights Act of 1964, §701 et. seq., 42 U.S.C.A. 2000 et. seq.</u>

31. Plaintiff incorporates by reference paragraphs 6 – 24 above.

32. Plaintiff engaged in activity protected by Title VII when she reported discriminatory failure to promote/hire to the OCRE on July 17, 2014.

33. Plaintiff's termination on January 5, 2015 constitutes a materially adverse employment action, as well as Defendant's actions of denying Plaintiff overtime, issuing a negative performance evaluation and putting Plaintiff on probation that occurred after the protected activity.

34. A causal connection exists between Plaintiff's protected activity and the materially adverse employment actions due to the timing and circumstances of the adverse actions.

35. As a result Plaintiff has suffered lost wages, emotional pain and suffering in an amount in excess of $75,000.00.

36. Due to Defendant's willful and malicious conduct, Plaintiff is also entitled to punitive damages.

### **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to this Court—

(A)     Enter a declaratory judgment that the practices complained on herein are unlawful and violative of Title VII of the Civil Rights Act of 1964 and of the Civil Rights Act of 1866;

(B)     Immediately require Defendant to reinstate and promote Plaintiff to Operations Manager position;

(C)     Compensate and make Plaintiff whole for all earning, wages, and other benefits which she would have received but for the discriminatory practices of Defendant, including but not limited to, back pay, front pay, and seniority status;

(D)     Compensate Plaintiff for travel expenses related to her new job;

(E)     Compensate Plaintiff for emotional pain and suffering damages;

(F)     Award Plaintiff compensatory damages

(G)     Award Plaintiff punitive damages;

(H)     Award Plaintiff costs of this action, including, but not limited to, reasonable attorney fees as well as pre- judgment and post-judgment interest;

(I)     Grant such other relief as may be just and proper.

**SUBMITTED THIS 20th DAY OF AUGUST, 2015.**

                    Respectfully Submitted,

                    s/Rand C. Eddy
                    Rand C. Eddy, OBA # 11822
                    Lindsey W. Mulinix-Ewert, OBA # 30655
                    Mulinix Edwards Rosell & Goerke, PLLC
                    210 Park Avenue, Ste. 3030
                    Oklahoma City, Oklahoma 73102
                    Telephone: (405) 232.3800
                    Facsimile: (405) 232.8999
                    rand@lawokc.com
                    lmulinix@lawokc.com

                    *Attorneys for Plaintiff*